### CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Long Island Lighting Company, Orange and Rockland Utilities, Inc., Southern California Edison Company, Pacific Gas & Electric Company, San Diego Gas & Electric Company, International Paper Company, Champion International Corporation, and Weyerhauser Company, Plaintiffs–Appellants,

v.

SPENCER ABRAHAM, Secretary of Energy, and George B. Breznay, Director, Office of Hearings and Appeals, Defendants–Appellees.

No. 02–1134.

United States Court of Appeals, Federal Circuit.

Dec. 20, 2002.

Rehearing and Rehearing En Banc Denied Feb. 26, 2003.

Philip P. Kalodner, of Gladwyne, PA, argued for plaintiffs-appellants.

Thomas H. Kemp, Office of the General Counsel, U.S. Department of Energy, of Washington, DC, argued of for defendants-appellees.

Before MAYER, Chief Judge, RADER, and LINN, Circuit Judges.

PER CURIAM.

On summary judgment, the United States District Court for the District of Columbia held that the Department of Energy's (DOE) Office of Hearings and Appeals (OHA) lawfully applied its 1992 eligibility rule for crude oil overcharge refunds. Consolidated Edison Company of New York, Inc. and eight other claimants for crude oil overcharge refunds (collectively, Con Edison) challenge the district court's award to the Huntsman Corporation. Because the trial court correctly applied the rules for overcharge refunds, this court affirms.

I.

Huntsman, formerly El Paso Products Company, filed a claim for a crude oil overcharge refund on March 25, 1988, pursuant to the Petroleum Overcharge Distribution and Restitution Act of 1986 (PODRA). Pub.L. No. 99–509, 100 Stat. 1881 (codified at 15 U.S.C. §§ 4501–07 (1994)). PODRA authorized DOE to collect overcharges for violation of crude oil price controls in force during the 1970s and to distribute the collected overcharges to injured parties. *See* Economic Stabilization Act of 1970(ESA), Pub.L. No. 91–379, 84 Stat. 799 (1970), as amended, Pub.L. No. 92–210, 85 Stat. 743 (1971) (codified at note following 12 U.S.C. § 1904 (1976)) (expired Apr. 30, 1974); Emergency Petroleum Allocation Act of 1973 (EPAA), Pub.L. No. 93–159, 87 Stat. 627 (1973) (codified at 15 U.S.C. §§ 751–760 (1976)), *repealed by* Energy Policy and Conservation Act of 1975, Pub.L. No. 94–163 § 401(b)(1), 89 Stat. 871, 946 (1975) (codified at 15 U.S.C. § 753 (1976)).

To implement distribution to claimants, DOE promulgated an eligibility rule that was later revised in 1992. The 1992 eligibility rule states:

> [DOE] will presume that a claimant incurred a crude oil overcharge in the purchase of a product during the relevant period if either that product was named as a covered product in regulations promulgated pursuant to the EPAA or (a) was purchased from a crude oil refinery or (b) originated in a crude oil refinery and was purchased from a reseller who did not substantially change its form.

*Goodyear Tire & Rubber Co. v. Dep't of Energy*, 118 F.3d 1531, 1534 (Fed.Cir.1997) (quoting Notice of General Interest, 57 Fed.Reg. 30,731 (July 10, 1992)). Essentially, the 1992 eligibility rule presumed injury to end-users that purchased petrole-

um products covered by the EPAA, but required proof of injury for claimants that purchased petroleum products not covered by the EPAA.

Huntsman based its claim on purchases of gasoline, diesel fuel, motor oil, aviation fuel, propane, butane, and benzene during the price control period. A group of states challenged Huntsman's claim by filing an objection with OHA. Although each of the products for which Huntsman claimed a refund was covered by the EPAA, the states alleged that Huntsman was not entitled to the end-user presumption afforded by the 1992 eligibility. OHA determined that the states' allegations were "without substantiation" and, on June 22, 2000, DOE awarded Huntsman an overcharge refund of about $3.6 million.

Con Edison then challenged Huntsman's award as unjustified in this district court action. Because DOE pays awards from the same pool of funds, Con Edison alleged that the unjustified award to Huntsman reduced Con Edison's pro rata share of the pool. The district court granted summary judgment in favor of DOE, holding that DOE acted within the legal limits of its agency discretion in awarding Huntsman's claim. *Consol. Edison Co. of N.Y., Inc. v. Abraham*, 167 F.Supp.2d 258, 265 (D.D.C. 2001). Con Edison appeals. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(11), (12) (2000).

## II.

■ This court reviews the district court's grant of summary judgment without deference. *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1353 (Fed.Cir. 1998). Review of the underlying agency decision, however, requires more deference. This court

"set[s] aside an EPAA/ESA agency action only if it is in excess of the agency's authority, or is based upon findings that are not supported by substantial evi-

dence. We recognize DOE's administrative expertise, accord the agency's determination great deference, and must approve the DOE decision if there is a rational basis for it."

*Goodyear*, 118 F.3d at 1536 (citing *Phoenix Petroleum Co. v. United States Fed. Energy Reg. Comm'n*, 95 F.3d 1555, 1567 (Fed.Cir.1996)).

■ Con Edison argues that OHA did not investigate the source of three products for which Huntsman claimed refunds. Because propane, butane, and benzene can be produced from sources other than crude oil, Con Edison argues that OHA should have investigated the source of Huntsman's propane, butane, and benzene before awarding the claim. The district court correctly determined that "OHA never required that all eligible products have crude oil as their source" and concluded that overcharge refunds were appropriate for "all products covered by the EPAA regardless of whether they were purchased from or originated in a crude oil-refinery." *Consol. Edison*, 167 F.Supp.2d at 263.

As the district court correctly recognized, the 1992 eligibility rule requires investigation of the source of a claimant's products only when the products are not covered by the EPAA. Because all of Huntsman's claimed products in fact were covered by the EPAA, the 1992 eligibility rule entitled Huntsman to a presumption of injury. Thus, OHA was not required to investigate the source of Huntsman's propane, butane, and benzene.

■ Con Edison next argues that OHA failed to investigate whether Huntsman was a crude oil refiner or related to a crude oil refiner that would have already recovered overcharge refunds during settlement of *In re Dep't of Energy Stripper Well Exemption Litig.*, 653 F.Supp. 108, 113 (D.Kan.1986). Con Edison argues that Huntsman was a wholly owned subsidiary

of El Paso Natural Gas Company, a company that may have also included a crude oil refiner as a subsidiary. In addressing Con Edison's allegation, the district court stated that "[t]his argument fails to recognize, however, that Huntsman is entitled to an end-user presumption because its products are covered by the EPAA." The district court further found that Con Edison "only offer[ed] speculative theories" and "failed to provide any evidence" of a possible affiliation between Huntsman and a crude oil refiner. *Consol. Edison,* 167 F.Supp.2d at 264. Because nothing in the record rebuts the presumption that Huntsman was an end-user rather than a refiner or an affiliate of a refiner, this court agrees with the district court's conclusion.

■ Con Edison also argues that OHA did not verify that Huntsman was in fact an end-user rather than a reseller of the purchased propane, butane, and benzene. The district court found that Con Edison "offer[ed] nothing more than speculation that Huntsman may have been a reseller instead of an end-user" and that Con Edison "failed to provide any evidence" to support its allegations. The district court concluded that OHA "fulfilled its responsibility here by expressly raising the issue of Huntsman's end-user status and fully considering it." *Id.* Again, the record supports the district court's conclusion and provides no evidence that Huntsman was a reseller.

■ Finally, Con Edison attacks the validity of the end-user presumption afforded by the 1992 eligibility rule. According to Con Edison, DOE's end-user presumption is a "bright-line" test that conflicts with the alternative basis demonstration required by parts (a) and (b) of the 1992 eligibility rule. In other words, Con Edison argues that the 1992 eligibility rule establishes an end-user presumption that awards refunds for products not made from crude oil while parts (a) and (b) of

the same eligibility rule require proof that products are made from crude oil.

This court has previously considered the 1992 eligibility rule's end-user presumption in *Goodyear,* 118 F.3d at 1535–39. In that case, the old eligibility rule would have entitled Goodyear to an end-user presumption for the non-EPAA products for which it claimed an overcharge refund. The 1992 eligibility rule, however, required Goodyear to prove that the source of its non-EPAA products was a crude oil refinery. Regarding the presumption afforded by the 1992 eligibility rule, this court stated:

Through a rulemaking process ... OHA rationally devised the 1992 rule and thoroughly justified its departure from the old presumptions.... OHA expanded the conditions under which it would afford the presumption in some ways and narrowed them in others. OHA did this, in accord with its statutory mandate, to better determine in the context of its own refund application proceedings which applicants were actually injured by unlawful overcharges.

*Id.* at 1537.

Con Edison argues that *Goodyear* does not apply because it addressed only the second part of the 1992 eligibility rule requiring proof that the source of non-EPAA products was crude oil. According to Con Edison, *Goodyear* does not address the first part of the 1992 eligibility rule that affords the end-user presumption. To the contrary, Goodyear challenged not only OHA's application of the 1992 end-user presumption to a previously filed claim, but the scope of that presumption as well. In particular, Goodyear argued that it should be entitled to an end-user presumption of injury for two reasons. First, argued Goodyear, the petroleum products for which it claimed refunds were covered by price controls under the ESA, in effect

before enactment of the EPAA, that defined covered petroleum products more broadly. Second, Goodyear sought an end-user presumption because it purchased non-EPAA listed products from affiliates of crude oil retailers. This court, however, rejected those arguments, holding that DOE's end-user presumption reasonably conformed to the purpose and wording of the PODRA. *Id.* at 1539. Specifically, this court held that "the 1992 rule was part of a reasonable OHA effort to tailor its administration of PODRA to the statutory mandate" and that the first part of DOE's 1992 eligibility rule "narrowly tailor[ed] its eligibility presumptions in order to administer PODRA properly." *Id.*

In sum, this court rejects Con Edison's challenge of the validity of the end-user presumption afforded by the 1992 eligibility rule. DOE's end-user presumption has a reasonable and rational basis, namely the administrative convenience of the government. While some claimants under the presumption may get a benefit they might not otherwise deserve, the agency has discretion under the circumstances of this complex program to set forth reasonable rules to facilitate the efficient administration of refund claims. The end-user presumption afforded by the 1992 eligibility rule is just such a reasonable rule.

Because the district court did not err in finding that DOE lawfully awarded Huntsman's crude oil overcharge claim, this court affirms the district court's grant of summary judgment in favor of DOE.

### COSTS

Each party shall bear its own costs.

*AFFIRMED.*